UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Chris Durfee

v. Civil No. 14-cv-197-JD
Opinion No. 2014 DNH 132

United States of America

O R D E R

Chris Durfee, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The petition has been submitted to the court for preliminary review. See Rule 4 of the Rules Governing 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed under § 2241).

Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action." See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

Background

Chris Durfee was convicted by a jury on May 5, 1997, of the following offenses: Conspiracy to Commit Armed Robberies (18 U.S.C. § 371); Conspiracy to Commit Robbery (18 U.S.C. § 1951); Two Counts of Robbery (18 U.S.C. § 1951); Two Counts of Use of Firearms During Violent Crime (18 U.S.C. §§ 2 & 924(c)(1)); and Interstate Transportation of a Stolen Vehicle (18 U.S.C. §§ 2 & 2312).[1] On August 18, 1997, Durfee was sentenced to serve 437 months. The convictions were affirmed on appeal. United States v. LiCausi, 167 F.3d 36 (1st Cir. 1999), cert. denied sub nom., Durfee v. United States, 528 U.S. 827 (1999).

On October 6, 2000, pursuant to 28 U.S.C. § 2255, Durfee filed a petition for habeas corpus relief, arguing that he was denied effective assistance of counsel. On February 9, 2001, the court concluded that Durfee was not entitled to relief and dismissed the petition. Durfee filed a motion for a certificate of appealability, which the First Circuit denied.

On May 5, 2014, Durfee filed the petition for habeas corpus relief that is currently before the court.

[1]The jury found Durfee not guilty of a third count of conspiracy to commit robbery under § 1951.

Discussion

Durfee invokes the "savings clause" in § 2255 and files this petition under § 2241.[2] He contends that he may proceed under § 2241 because a recent Unites States Supreme Court decision, Alleyne v. United States, 133 S. Ct. 2151 (2013), renders unlawful the sentencing court's fact finding and its imposition of a twenty year enhancement for a "second or subsequent conviction" under § 924(c)(1).[3] Durfee argues that Alleyne is a new rule of law that makes any factual determination that increases the range of punishment an "element of the crime" and not a "sentencing consideration." He contends that the court's determination that Durfee's violation of § 924(c) was his "second or subsequent conviction," should have been decided by a jury, not the court. Durfee further contends that Alleyne is retroactive on collateral review because it is a "substantive new rule."

Under the savings clause of § 2255, "[a] federal prisoner cannot challenge the legality of his sentence through an

---

[2]The savings clause of § 2255 provides: "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entered if it appears that the . . . court which sentenced him . . . has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

[3]After Durfee was sentenced, Congress amended § 924(c)(1), increasing the sentence enhancement for a "second or subsequent conviction" from twenty years to twenty five years. Act of Nov. 13, 1998, Pub. L. No. 105-386 § 1(a)(1), 112 Stat. 3469, 3469.

application for a writ of habeas corpus under § 2241 unless it appears that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.'" Bultmeyer v. Grondolsky, 2013 WL 5538450, at *4 (D. Mass Oct. 4, 2013) (quoting § 2255(e)). "Recognizing the danger that the [savings clause] could easily swallow the rule and frustrate Congress' purpose in enacting AEDPA, the courts of appeals have read this exception narrowly." Sustache-Rivera v. U.S., 221 F.3d 8, 12 (1st Cir. 2000). Invocation of the savings clause is appropriate only in "rare and exceptional circumstances" such as where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (internal quotation marks and citation omitted). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see also United States v. Barrett, 178 F.3d 34, 52-53 (1st Cir. 1999).

Durfee does not attempt to argue in his petition that § 2255 is an inadequate or ineffective remedy to contest his sentence. Durfee "raises purely legal challenges to his sentence. These are not the type of challenges that can overcome the narrow exception of the savings clause." Diaz v. Grondolsky, 2013 WL 3892894, at *3 (D. Mass. July 24, 2013). To the extent Durfee intended to imply that § 2255 is an inadequate or ineffective remedy because he could not meet the requirements to bring a

second § 2255 petition, that argument is unavailing.[4] "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture." McKubbin v. Grondolsky, --- F. Supp. 2d ---, 2014 WL 1245881, at *7 (D. Mass. Mar. 25, 2014) (quoting Barrett, 178 F.3d at 50).

Even if Durfee had properly invoked the savings clause and could bring this petition under § 2241, the petition would still be dismissed. "The jury found guilt beyond a reasonable doubt on two separate § 924(c) charges. Even if that verdict itself were not enough to show that the conviction on [one of the § 924 charges] was a second or subsequent conviction, Alleyne explicitly does not require jury findings for the fact of a prior conviction." United States v. Diaz-Castro, --- F.3d ---, 2014 WL 2142516, at *10 n.9 (1st Cir. May 23, 2014) (citing Alleyne, 133 S. Ct. at 2160 n.1); see also United States v. Stanley, 550 Fed. Appx. 588, 591 (10th Cir. 2013) ("The Supreme Court has held that

---

[4]Durfee references the First Circuit's decision in Sustache-Rivera, 221 F.3d at 16, in which the court stated that when there is "a Supreme Court decision overruling the circuit courts as to the meaning of a statute, [and] a prisoner is not guilty within the new meaning attributed to the statute . . . . [t]he savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims." That language has no bearing on Durfee's petition because he does not argue that he is not guilty under § 924(c) after Alleyne.

a prior conviction need not be submitted to the jury, and the Alleyne Court left this holding in place."). In addition, "although [Durfee] alleges Alleyne as retroactive effect to cases collaterally attacking a sentence, the case law interpreting Alleyne suggests otherwise." Bultmeyer, 2013 WL 5538450, at *5 (collecting cases).

## Conclusion

For the foregoing reasons, Durfee's petition for habeas corpus relief (document no. 1) is dismissed. Although the certificate of appealability requirement may not apply to proceedings brought pursuant to § 2241, see Poellnitz v. Sabol, 2008 WL 553112, at *1 (D. Mass Feb. 28, 2008), to the extent it does, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

June 11, 2014

cc: Christopher Durfee, pro se
Seth R. Aframe, Esq.